# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**JENNIFER SCHEMENAUER,**

        **Plaintiff,**

-vs-                                       **Case No. 6:12-cv-1419-Orl-22KRS**

**WESTCOR LAND TITLE INSURANCE COMPANY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:** JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT (Doc. No. 29)
>
> **FILED:** November 1, 2013

## I. PROCEDURAL HISTORY.

Plaintiff Jennifer Schemenauer filed a complaint against Defendant Westcor Land Title Insurance Company ("Westcor") alleging that Westcor failed to pay her overtime compensation as required by the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Doc. No. 1. After conducting discovery, the parties entered into a settlement agreement. Doc. No. 29-1. In the above-referenced motion, they ask that the Court approve the settlement agreement as a fair and reasonable

resolution of a *bona fide* dispute under the FLSA as required by *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1352-55 (11th Cir. 1982).

**II.     ANALYSIS.**

In her answers to the Court's interrogatories, Plaintiff averred that she was owed approximately $7,606.56 in overtime compensation plus liquidated damages and attorney's fees and costs. Doc. No. 13-1.  Under the settlement agreement, Plaintiff will receive $3,175.00 in settlement of her claims for unpaid overtime compensation, $3,175.00 in settlement of her claim for liquidated damages, and $100.00 as consideration for a general release.  Plaintiff's counsel will receive $3,500.00 for his attorney's fees and costs.  Doc. No. 29-1.

Because Plaintiff is agreeing to accept less in the settlement than the amount of overtime compensation and liquidated she averred that she was owed, she has compromised her claim.  In the motion, the parties adequately explain the reason for the compromise. In sum, there is a disagreement regarding whether Plaintiff is entitled to protection by the FLSA, Plaintiff was not able to produce documents to support her claim of overtime hours worked, and Westcor produced witnesses and documents that undermined Plaintiff's claim.  Doc. No. 29 at 2.

The Court must also determine whether the payment to Plaintiff's attorney is reasonable to ensure that the attorney's fees and costs to be paid did not improperly influence the amount Plaintiffs agreed to accept.  *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009).[1]  Counsel for Plaintiff submitted time sheets and an affidavit showing the work performed and the experience of the professionals who performed the work.  Doc. No. 29-2.  Much of the work recorded at a paralegal rate

---

[1] The Court recognizes, as it has in the past, that the Eleventh Circuit's unpublished opinions represent persuasive authority, rather than binding precedent.  *See* 11th Cir. R. 36-2 and I.O.P. 6.

is clerical in nature and not compensable[2], and some of the work performed by the attorney and the paralegal is unnecessarily duplicative. *Id.* After these reductions, the attorney's fees and costs paid under the settlement agreement are reasonable in the absence of objection. Therefore, I recommend that the Court find that the attorney's fees and costs paid under the settlement agreement did not improperly taint the amount Plaintiff agreed to accept in settlement of the case.

The settlement agreement also contains a broad mutual general release. Doc. No. 29-1 at 10-11. Because Westcor paid Plaintiff separate consideration for this release, I recommend that the Court find that the breadth of the release does not undermine the fairness of the settlement. *See Middleton v. Sonic Brands L.L.C.,* No. 6:13-cv-386-Orl-18KRS, 2013 WL 4854767, at * 3 (M.D. Fla. Sept. 10, 2013)(and cases cited therein).

Accordingly, I recommend that the Court find that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354. Although the parties have not submitted a stipulated form of judgment, they jointly request that the Court dismiss the case with prejudice.

## IV. RECOMMENDATION.

Based on the foregoing, I respectfully recommend that the Court do the following:

1. **FIND** that the settlement is a "fair and reasonable resolution of a bona fide dispute over FLSA provisions." *Lynn's Food Stores*, 679 F.2d at 1354;

2. **GRANT** in part the Joint Motion for Approval of Settlement Agreement (Doc. No. 29);

3. **PROHIBIT** counsel for Plaintiff from withholding any portion of the $6,450.00

---

[2] This includes transmitting and filing documents, emails regarding scheduling, drafting notices that are not required to be filed in this Court, and setting up the file and calendaring deadlines.

       payable to Plaintiff under the settlement agreement pursuant to a contingent fee agreement or otherwise;

4. **ORDER** counsel for Plaintiff to provide a copy of the Court's Order to Plaintiff;

5. **DISMISS** the case with prejudice; and,

6. **DIRECT** the Clerk to close the file.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on November 5, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy